**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

V.                                                                NO. 4:19-CR-81

PRESTON EUGENE CANTNER

**ORDER**

On August 27, 2019, Preston Cantner pled guilty to one count of being a felon in possession of a firearm. Docs. #1, #33. On October 31, 2019, Cantner filed an objection to the Presentence Investigation Report ("PSR"), arguing that he is entitled to a sentencing reduction under Sentencing Guideline § 2K2.1(b)(2)[1] with respect to his base offense level and that, therefore, the PSR miscalculated his base offense level. Doc. #38. The government responded in opposition to the objection, Doc. #43, and Cantner replied, Doc. #46. After hearing testimony on the objection at Cantner's sentencing hearing, including testimony from Cantner, the Court continued sentencing for the purpose of resolving the objection, and allowed the parties to submit supplemental briefs on the issue. The parties both submitted supplemental briefs. Docs. #53, #54.

**I**
**Standard**

Guideline § 2K2.1(b)(2) provides:

> If the defendant, other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4), or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

A defendant claiming a reduction under this provision "bears the burden of establishing entitlement

---
[1] The objection includes references to subsection (b)(6) but Cantner quotes and argues subsection (b)(2) in the objection and in his subsequent filings.

by a preponderance of the evidence." *United States v. Shell*, 972 F.2d 548, 550 (5th Cir. 1992) (quotation marks omitted).

**II**
**Analysis**

To determine whether a firearm was possessed "solely for lawful sporting purposes or collection," a court must consider the "surrounding circumstances," which include "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." U.S.S.G. § 2K2.1(b)(2), cmt. n.6.

At his sentencing hearing, Cantner testified that all the firearms at issue were purchased for hunting purposes prior to his 1993 felony conviction,[2] and that he had not hunted since the early 1980s. He further testified that, after returning from service as a contractor in Iraq, he obtained the firearms from his uncle and kept them in his home "[b]ecause they are … memories of the fun I had with my relatives and my father." According to Cantner, he intended to either devise them to family members or to "sell them to somebody in town," and the only time he touched the weapons was once, approximately five years ago, to maintain them.

On the evidence presented, it is clear Cantner is not entitled to the requested reduction. While the firearms were indisputably obtained for hunting purposes,[3] Cantner testified unambiguously that he ceased hunting approximately thirty years ago and that he possessed the

---

[2] Cantner's 1993 conviction was for possession of explosives/firearms, and possession of an unregistered Title III device. No criminal history points were assigned to this conviction.

[3] At the sentencing hearing, Cantner's counsel appeared to argue that he could prevail under the guideline by showing only the reason for the *purchase* of the handguns. While at one point the subject guideline provided for a different base level "[i]f the defendant obtained or possessed" the relevant firearms solely for lawful sporting purposes or collection, the current version of the guideline, quoted above, refers only to possession.

firearms solely for what may be characterized as sentimental purposes.  Sentimentality is not hunting.  Neither, in the absence of other evidence, is it collection.  *See United States v. Baker*, 501 F.3d 627, 629–30 (6th Cir. 2007) ("[S]entimental attachment alone does not earn the reduction.").  Because Cantner cannot show the firearms were possessed for sporting or collection purposes, the objection will be overruled.[4]

## III
## Conclusion

For the reasons above, Cantner's objection [38] is **OVERRULED**.

**SO ORDERED**, this 23rd day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Given Cantner's unchallenged admission regarding the purpose of his possession, the Court need not consider the facts enumerated by the guideline.  However, had the Court considered the surrounding circumstances, the objection would still be overruled given, among other things, Cantner's criminal history and the testimony of all witnesses at the hearing.